[No. 954.   Decided November 20, 1893.]

MARTIN LEWIS, *Appellant*, v. JOHN McREAVY, *Respondent*.

HARMLESS ERROR—EXCLUSION OF IMMATERIAL EVIDENCE.

Where, in an action upon an alleged contract, no consideration for the contract is shown, evidence of its terms is immaterial, and the exclusion of such evidence harmless error, whether the ground of exclusion by the trial judge was erroneous or not.

*Appeal from Superior Court, Mason County.*

Action by Martin Lewis to recover from John McReavy the sum of $2,500, one-half of a policy of insurance which he had taken out upon a steamer, and had assigned under an alleged special contract to John McReavy, who held a note and mortgage on the steamer for $3,000, and asking the cancellation and surrender of said note.   The steamer

had burned, but payment of insurance had been resisted. McReavy subsequently compromised with the insurance company for $3,000, which sum he retained. Lewis claimed that, under the contract of assignment, he was to have one-half of the proceeds of the policy, but in his mortgage upon the steamer to McReavy he had agreed to insure the steamer for the benefit of the mortgagee. The appeal is from a judgment in favor of defendant.

*H. S. Tremper*, for appellant.

*Joseph A. McDonald*, and *T. N. Allen*, for respondent.

The opinion of the court was delivered by

Hoyt, J.—Appellant made a mortgage to the respondent upon a certain steamer for the sum of $3,000, and agreed therein that he would procure a policy of insurance upon such steamer in the sum of $5,000, and assign it to the respondent as further collateral security. Such insurance policy was taken out in the name of the appellant, but was not assigned by him as required by the terms of the mortgage until after the destruction of the steamer. The company declined to pay the loss on various grounds, and thereafter the appellant duly assigned said policy to the respondent. This assignment is alleged by the appellant to have been made in pursuance of a special contract entered into between him and the respondent at the time it was made. Upon the trial of the cause he introduced evidence tending to prove such special contract, and as a part of his proof in relation thereto offered one C. W. Hartman, a practicing attorney, as a witness to prove the terms and conditions of said contract. The court excluded the testimony of said witness on the ground that the transaction and conversation as to which he was called upon to testify was a privileged one as between attorney and client. Exception was taken to this action of the court, and its

ruling thereon is the only error assigned as a reason for the reversal of the judgment. The position of the appellant in regard to such testimony was and is, that the said Hartman was acting as attorney for both parties, and that for that reason the statements made before him were not privileged as to either.

We are not called upon to decide this question, for, in our opinion, there was no consideration whatever moving to the respondent from the appellant for such special contract, and for that reason it could have no force and effect, however clearly it might have been proven before the court and jury. The only thing which was alleged or proven as a consideration for any agreement made at that time by the respondent was the fact that the policy was then assigned to him. But in thus assigning the policy the appellant only fulfilled the terms of the contract between him and the respondent made at the time the mortgage was executed. And the doing of that which was his plain duty under the provisions of such contract then in full force and effect could furnish no consideration for any agreement made by the respondent in relation thereto.

It follows that the testimony excluded by the court would have been immaterial if put in evidence, and for that reason the ruling of the court thereon, however erroneous, cannot avail appellant as a foundation for the reversal of the judgment, and it must, therefore, be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.